# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JAMES BROOKE,**

        **Plaintiff,**

**-vs-**                                          **Case No. 6:10-cv-982-Orl-22DAB**

**ADMINISTRATIVE MAINTENANCE SERVICES, LLC;
UNIVERSITY PROPERTIES, LLC; PLEASURE
PROPERTIES, LLC; SUNSHINE PROPERTIES, LLC; WILD
OLIVE PROPERTIES, LLC; VAN PROPERTIES, LLC;
KIWI PROPERTIES, LLC; SOUTHEASTERN
CONTRACTING AND DEVELOPMENT, INC. and
WILLIAM VANDERVEER,**

        **Defendant.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION TO APPROVE SETTLEMENT (Doc. No. 40)**
>
> **FILED:**       September 16, 2011
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** without prejudice.

      The mediator in this Fair Labor Standards Act ("FLSA") case filed a mediation report indicating that the case had "completely settled" (Doc. No. 38), and the Court issued an Order directing the parties to file a motion for a fairness finding supported by the terms of the settlement

agreement (Doc. No. 39). *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). The instant motion followed. Upon review of the unique terms set forth in the motion, the Court does not agree with the mediator that the case has "completely settled," and therefore finds this motion to be premature.

If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (*citing Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

Applied here, although the Second Amended Complaint lists numerous Defendants (seven limited liability companies, one corporation and one individual) and the motion purports to be filed by Plaintiff and all of the Defendants, the agreement proffered by Plaintiff is signed only by Plaintiff,

his counsel and the individual *pro se* Defendant. Moreover, although the motion makes numerous references to "the Defendants," there is no indication that any Defendant other than Mr. Vanderveer has appeared in this matter, either in answer to the Second Amended Complaint or at mediation.[1] The Court finds no support for the contention that this is a complete settlement with all parties. Unless the other parties are dismissed by Plaintiff, the Court should decline to review what is, at best, merely an agreement between Plaintiff and Mr. Vanderveer.

Even if the Court were inclined to review the agreement, the Court could not recommend approval, in the present form. As set forth in the motion, Plaintiff alleged he was paid straight time for hours worked in excess of 40, and claimed one half of his base pay ($6.00) for an average of 17.5 hours of overtime per week, for 81 weeks, for a total of $8,505.00, and an equal amount in liquidated damages. "The Defendants" deny that Plaintiff worked overtime, with the exception of a very few hours, and believe his estimates are overstated. Actual damages are deemed to be difficult to determine, as Plaintiff and Vanderveer had a complex relationship, with Plaintiff living on property owned by Vanderveer, borrowing money from Vanderveer, and engaging in "other various financial interactions" which "caused offsets to Mr. Brooke's pay" (Doc. No. 40). Against this backdrop, the proposed settlement provides that Plaintiff take a lie detector test, to wit:

> The parties have agreed that Mr. Brooke will be asked, in a format crafted by the operator of the lie detector, whether he worked five, ten, and, finally, fifteen hours per week, on average, of overtime. If the operator concludes Mr. Brooke worked no overtime, Mr. Brooke will dismiss his case and reimburse the Defendants one-half of the lie detector administrator's fee to the Defendants. If the operator concludes Mr. Brooke did work overtime in the brackets described above, he will be paid the greatest number of average weekly overtime he credibly answers about, per week, times

---

[1] As corporate defendants can only appear through counsel, and there is no indication that Mr. Vanderveer is an attorney admitted to practice before the bar of this court, he cannot appear on behalf of the other defendants, even assuming the corporate defendants had authorized him to do so.

> $12.00 (one-half his base rate of $12.00 per hour and an equal amount in liquidated damages), times the eighty one weeks he was employed by the Defendants. If the result is inconclusive, the Defendants will pay a total of $10,000.00, including fees and costs.

*Id.*[2]

The Court does not quarrel with the parties' contention that this approach is quicker and cheaper than a jury. The same can be said, however, as dueling and coin flips. The standard is not whether a resolution is quick and cheap, but whether it is *fair and reasonable*. There is no showing here that conditioning an award based on the ability to pass a lie detector test is either of those things.

To be clear, the Court is not finding that settlement in the *amounts* suggested would not be fair. If the parties had presented an agreement for Defendant to pay $10,000, for example, the Court could evaluate that sum in view of all of the pertinent considerations supporting a settlement, and could issue a recommendation on same. As long as there was an agreement as to an amount rationally related to the claim, and the Court found the settlement to be voluntary and objectively fair and reasonable, it would not matter if the actual numbers were reached via lie detector test, rock-paper-scissors, or drawing straws. Here, however, the parties are not asking the Court to approve a settlement – they are asking the Court to approve a method of reaching a settlement. This is beyond the scope of the fairness finding duties set forth in *Lynn's Food*.

For these reasons, it is **respectfully recommended** that the Court deny the motion, without prejudice to renewal, if appropriate, upon clarification of the status of the corporate Defendants and upon a presentation of terms that are consistent with the principles discussed herein.

---

[2] If Plaintiff passes the test, the agreement provides for an award of attorney's fees and costs, in an amount to be determined by the Court, along parameters suggested by Plaintiff's counsel (Doc. No. 40 at 3-4).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 23, 2011.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy